```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CATLIN INDEMNITY COMPANY,                                               :
                                                                        :
                                   Plaintiff,                           :     15-CV-4836 (JMF)
                                                                        :
                    -v-                                                 :     MEMORANDUM OPINION
                                                                        :          AND ORDER
NEW ENGLAND LAW/BOSTON,                                                 :
                                                                        :
                                   Defendant.                           :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/04/2016

JESSE M. FURMAN, United States District Judge:

Plaintiff Catlin Indemnity Company ("Catlin" or "Plaintiff"), an insurance company, brings this action against Defendant New England Law ("NEL" or "Defendant"), its insured, seeking a declaration that it need not indemnify or defend NEL in a lawsuit brought by a former employee. Defendant now moves, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss the case for improper venue or, in the alternative, to transfer the case to the United States District Court for the District of Massachusetts. For the reasons stated below, the Court agrees with Defendant that venue is improper in this District, and concludes that the case should be transferred to the District of Massachusetts.

## BACKGROUND

On a motion to dismiss for improper venue, a court generally accepts as true the factual allegations in the non-moving party's pleadings, and draws all reasonable inferences in favor of the party opposing the motion. *See, e.g.*, *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *Vann v. Fischer*, No. 11-CV-1958 (JPO), 2012 WL 2384428, at *4 (S.D.N.Y. June 21, 2012). A court may, however, consider facts and documents outside the complaint. *See,*

*e.g.*, *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 513 (S.D.N.Y. 2012), *aff'd* 740 F.3d 211 (2d Cir. 2014).  Accordingly, the following facts, construed in Plaintiff's favor, are drawn from the Amended Complaint, attached materials, and affidavits submitted in conjunction with the briefing of this motion.

NEL is a law school located in Boston, Massachusetts.  (*See* Aff. John F. O'Brien (Docket No. 20) ¶ 3).  Catlin is an Atlanta-based insurance company incorporated in Delaware. (*See* Compl. (Docket No. 1) Ex. B).  In 2013, NEL began applying for insurance policies through its insurance broker, Cross Insurance, which is also located in Boston.  (Aff. Frederic Covelle (Docket No. 21) ("Covelle Aff.") ¶¶ 2-3).  As part of that process, Wright Specialty Insurance ("WSI"), the managing general agent of Catlin, sent a blank insurance application to Cross Insurance, which then passed the application along to NEL.  (Am. Compl. for Decl. J. (Docket No. 25) ("Am. Compl.") ¶ 6; Aff. Scott T. Loesch Opp'n New England Law's Mot. (Docket No. 34) ("Loesch Aff.") ¶¶ 3, 8).  NEL completed the application at its Boston office, and returned it to WSI through Cross Insurance.  (Covelle Aff. ¶ 3).  WSI, which is located in Nassau County, New York, received the completed application and relied on representations contained therein to underwrite, negotiate, and issue an Educator's Legal Liability policy for NEL.  (*See* Am. Compl. ¶¶ 16, 43).  Although issued by WSI, the policy was "written on Catlin paper and Catlin has the ultimate financial responsibility" under the policy.  (*Id.* ¶ 23).

In June 2014, several months after WSI issued the policy, NEL fired John Cerone, a tenured professor.  (*Id.* ¶¶ 10-12).  In response, Cerone sent a demand letter to NEL alleging that his termination was unlawful.  (*Id.*).  (Cerone has since filed a formal charge of discrimination with the Massachusetts Commission Against Discrimination.  (Def. New England Law/Boston's Mem. Law Supp. Mot. To Dismiss (Docket No. 27) ("Def.'s Mem.") 6 n.8).)  NEL sent Cerone's

demand letter to WSI, which forwarded the letter to Catlin's office in Manhattan, New York, for review.  (*Id.* ¶ 24).  Employees in Catlin's Manhattan office reviewed NEL's claim and ultimately denied it on the ground that NEL had made a material misrepresentation in its application by indicating that it did not anticipate any reduction in staff over the next eighteen months. (Loesch Decl. ¶ 6; Am. Compl. ¶ 47).  Catlin now brings this action, seeking a declaration that it has no obligation to defend or indemnify NEL because of NEL's alleged material misrepresentation.  (*See* Am. Compl. ¶ 52).

## DISCUSSION

As noted, NEL moves to dismiss Plaintiff's action under Rule 12(b)(3) for improper venue.  To establish venue in this District, Plaintiff relies exclusively on Title 28, United States Code, Section 1391(b)(2), which provides for venue in any district "in which a substantial part of the events or omissions giving rise to the claim occurred."  (*See* Am. Compl. ¶ 4; Catlin Indemnity Co.'s Mem. Law Opp'n New England Law/Boston's Mot. Dismiss (Docket No. 35) ("Pl.'s Opp'n") 4 & n.4).  Section 1391(b)(2) "permits venue in multiple judicial districts as long as a 'substantial part' of the underlying events took place in those districts."  *Gulf Ins. Co.*, 417 F.3d at 356.  The Second Circuit has cautioned, however, that district courts should "take seriously the adjective 'substantial'" and keep in mind that the venue statute must be construed "strictly."  *Id.* at 357.  More specifically, the Court of Appeals has held that courts should engage in a "two-part inquiry" when evaluating whether venue is appropriate under Section 1391(b)(2).  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).  "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims.  Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed . . . ."  *Id.* (internal citations omitted).

Significantly, in the first step, the inquiry "focus[es] on where the *defendant's* acts or omissions occurred." *Prospect Capital Corp. v. Bender*, No. 09-CV-826 (HB), 2009 WL 4907121, at *3 (S.D.N.Y. Dec. 21, 2009); *see also Daniel*, 428 F.3d at 432; *Woodke v. Dahm*, 70 F.3d 983, 983-85 (8th Cir. 1995) ("[B]y referring to 'events and omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff."), *cited with approval in Daniel*, 428 F.3d at 432. That focus is consistent with "the purpose of the venue statute": "to 'protect[] a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred.'" *Blauschild v. Tudor*, 31 F. Supp. 3d 527, 532-33 (E.D.N.Y. 2014) (quoting *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 542, 557 (E.D.N.Y. 2011)). "Once an objection to venue has been raised, plaintiff bears the burden of proving that venue is proper." *Hsin Ten Enters. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 457 (S.D.N.Y. 2000).

Applying those standards here, venue is plainly improper in this District. As an initial matter, the "nature of the claim[]" Plaintiff brings here is straightforward: Plaintiff alleges that Defendant made material misrepresentations when it filled out its insurance application and that WSI, its agent, relied on those misrepresentations when it decided to issue a policy to Defendant. (Am. Compl. ¶¶ 42-45). In particular, Plaintiff claims that Defendant's decision to fire Cerone was part of a preexisting staff-reduction plan that Defendant knew of, but failed to disclose, when it completed the application. (*Id.* ¶ 44). Based on those "acts and omissions" on the part of Defendant, Plaintiff now asks the Court for "a declaration that [Plainitiff] has no obligation to defend" with regard to the Cerone claim. (*Id.* ¶ 47).

Turning to the second step of the inquiry, no act or omission directly associated with Defendant's alleged misrepresentation and WSI's issuance of the policy took place in this District. It is uncontested that all of Defendant's decisions and actions took place in Massachusetts. And while Plaintiff alleges that Defendant submitted its application to WSI, and that WSI relied on the application in deciding to issue the policy, WSI's sole office is located in Nassau County, which is in the *Eastern* District of New York.[1] The only links Plaintiff alleges between its claims and this District are derived from its office in Manhattan. First, Plaintiff contends that employees in its Manhattan office supervised WSI's decisions and, thus, that all decisions made by WSI can be treated as if they took place in this District. (*See* Pl.'s Opp'n 5-6 & n.5). But Plaintiff does not allege that any employee in its Manhattan office actually exercised that supervisory authority over WSI's decision to approve the particular policy at issue in this case. And in any event, Plaintiff's argument conflates doctrines of supervisor liability with the standards governing venue. Although Plaintiff may well be liable for actions taken by its agents in other districts, that fact does not affect the venue calculus, which focuses on the actual location or locations where the acts or omissions that gave rise to Plaintiff's claim occurred. *See* 28 U.S.C. § 1391(b)(2); *see also, e.g.*, *Gulf Ins. Co*, 417 F.3d at 357 ("[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries.").

---

[1] Disturbingly, Plaintiff tries to obscure the fact that WSI is not located in this District by repeatedly referring to events as having taken place in "New York." (*See* Pl.'s Opp'n 5-6). Needless to say, whether venue is proper in this District turns on whether a substantial part of the underlying events took place in *this* District, not in some other district within New York State.

Second, Plaintiff alleges that the ultimate decision to deny coverage of the Cerone claim was made by its employees in Manhattan. (*See* Pl.'s Opp'n 6). But Plaintiff's decision to deny coverage to Defendant is not an act or omission that *gave rise to* Plaintiff's claim, at least not in the sense meant by Section 1391(b)(2). Instead, the whole theory of Plaintiff's action is that it was justified in denying coverage because Defendant made a material misrepresentation when it applied for coverage, before the Cerone claim was even submitted. Plaintiff's decision to deny coverage may well be the event that spurred it to file suit, but it is not an act that gave rise to its material misrepresentation claim and is therefore insufficient to establish venue in this District. *See Fedele v. Harris*, 18 F. Supp. 3d 309, 317 (E.D.N.Y. 2014) ("'Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a substantial part of the events are to be considered.'" (quoting *Jenkins Brick Co. v. Breme*r, 321 F.3d 1366, 1371 (11th Cir. 2003))). In short, Plaintiff falls well short of carrying its burden to show that venue in this District is proper under Section 1391(b)(2).

The only remaining question is whether to dismiss the case or, as Defendant requests in the alternative (Def.'s Mem. at 14-15 & n.12), to transfer it to the District of Massachusetts, where venue would plainly be proper. It is well established that where, as here, venue is improper, a court "retains discretion to decline to dismiss the case in the interests of justice in favor of a transfer to any district where the case could initially have been brought." *Van Zon v. Powers*, No. 06-CV-0096 (JFK), 2006 WL 3706310, at *5 (S.D.N.Y. Dec. 13, 2006); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Daniel*, 428 F.3d at 435 ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.").

In deciding whether transfer would serve the interest of justice, courts in this Circuit are guided by the following set of nine factors: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based upon the totality of the circumstances.  *See, e.g.*, *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004).

Substantially for the reasons stated in Defendant's brief, the Court concludes that the interests of justice call for transferring the case to the District of Massachusetts rather than dismissing outright.  (*See* Def.'s Mem. 14-22).  First, dismissal would require Plaintiff to file a new action and pay a new filing fee, while "transfer will allow this action to proceed in [an appropriate] forum and lead to [an] adjudication on the merits."  *Blauschild*, 31 F. Supp. 3d at 533 (quoting *Fedele*, 18 F. Supp. 3d at 319).  Second, the parties have fully briefed the question of whether transfer to the District of Massachusetts is appropriate, and the Court already has familiarity with the relevant facts from addressing whether venue in this District was proper.  And third, the relevant factors call for transfer to the District of Massachusetts.  Most significantly, the locus of operative facts in this case is in Boston, Massachusetts, as that is where Defendant filled out its insurance application and made all of its staffing decisions.  In addition, Defendant identifies likely non-party witnesses who are located in Massachusetts, including the insurance broker who handled Defendant's application at Cross Insurance.  (Def.'s Mem. 17-18).  "Generally, the convenience of a non-party witness is given greater weight than a party witness."

*Royal Ins. Co. of Am. v. Tower Records, Inc.*, No. 02-CV-2612 (PKL), 2002 WL 31385815, at *5 (S.D.N.Y. Oct. 22, 2002).

Plaintiff's primary argument against Defendant's request to transfer this case to the District of Massachusetts is that its decision to bring suit in New York should be given "great weight." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d. Cir 2006). It requests instead — in a single sentence at the conclusion of its opposition memorandum of law — that the case be transferred to the Eastern District of New York, where WSI's office is located. Putting aside whether Plaintiff's request is procedurally proper and venue would lie in the Eastern District of New York, there is no merit to Plaintiff's arguments. First, although a plaintiff's initial choice of venue is usually entitled to considerable deference, that is not true when a plaintiff seeks to change venue after his complaint has been filed. *See Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F. Supp. 1114, 1118 (S.D.N.Y. 1969) ("When a plaintiff is a movant under Section 1404(a) he must show a change in circumstances since the filing of suit."). Second, a plaintiff's initial choice of venue is due little or no deference whatsoever where, as here, the venue of the plaintiff's choosing is improper. *See* Fed. R. Civ. P. 12(b)(3). The Court therefore affords Plaintiff's late-expressed preference for the Eastern District of New York no special weight, *cf. Anadigics, Inc. v. Raytheon Co.*, 903 F. Supp. 615, 618 (S.D.N.Y. 1995) ("[B]ecause Anadigics has brought this action in New York, its preference to be in New Jersey rather than Massachusetts is not accorded any additional weight."), and holds that transfer of the case to the District of Massachusetts is warranted.

## CONCLUSION

For the reasons stated above, Defendant's motion to transfer this case to the District of Massachusetts is GRANTED. The Clerk of Court is directed to transfer this case to the District of Massachusetts, to terminate Docket No. 26, and to close the case in this District.

SO ORDERED.

Date: February 4, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge